IN THE UNITED STATES DISTRICT COURT **FILED** AT ALBUQUERQUE NM
FOR THE DISTRICT OF NEW MEXICO

JAN 1 3 2000

LONNIE GOODING BEY,                                                       ROBERT M. MARCH
                                                                                    CLERK
                    Plaintiff,

v.                                                                   No. CIV-99-1338 LH/WWD

DONALD DORSEY, Warden, and
CORRECTIONS CORPORATION OF AMERICA,

                    Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

     This matter is before the Court on Defendants' motion to dismiss (Doc. #6) under

Fed.R.Civ.P. 12(b)(6) filed November 23, 1999. Defendants argue that Plaintiff's complaint fails

to allege personal involvement by Defendants in the asserted constitutional violations, certain claims

are unsupported by factual allegations, and punitive damages are not available on Plaintiff's claims.

Plaintiff has not responded to the motion. For the reasons below, the motion will be granted.

     The complaint alleges that, following one inmate's attack on another, Plaintiff was placed

in solitary confinement for two weeks without notice or hearing. During his segregation, he was

deprived of "energy-giving food," exercise, and work and training opportunities. The complaint

does not specifically invoke 42 U.S.C. § 1983 but claims that Defendants' conduct violated

Plaintiff's rights of due process, free speech and assembly, assistance of counsel, and freedom from

cruel and unusual punishment.

     Plaintiff's allegations do not support a due process claim. In *Sandin v. Conner*, 515 U.S. 472

(1995), the Supreme Court re-examined due process standards for inmate disciplinary matters and

ruled that denial of an inmate's request to call witnesses at a disciplinary hearing does not necessarily



offend due process. *Id.*, 515 U.S. at 487. In *Sandin*, as here, the punishment complained of was involuntary segregated confinement, and the Court ruled that "segregated confinement did not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest." 515 U.S. at 486 (citations omitted). Because Plaintiff's allegations do not implicate a liberty interest, no relief can be granted on his due process claim.

Although Plaintiff also asserts a claim under the Eighth Amendment, the alleged denial does not rise to constitutional proportions. A complete denial of exercise violates the Eighth Amendment. *Housley v. Dodson*, 41 F.3d 597, 599 (10th Cir. 1994) ("right to some exercise ... clearly established"). If the denial of exercise is of limited duration and is imposed for legitimate penological purposes, as was clearly the case in Plaintiff's instance, the Eighth Amendment protection against cruel and unusual punishment is not implicated. *See Leonard v. Norris*, 797 F.2d 683, 685 (8th Cir. 1986) (harsh exercise policy for purpose of discouraging disruptive behavior does not violate Eighth Amendment). Because the denial of recreation resulted from a disciplinary proceeding against Plaintiff, his allegations do not state a claim under the Eighth Amendment. Last, as argued by Defendants, Plaintiff provides no facts in support of claims under the First or Sixth Amendments.

IT IS THEREFORE ORDERED that Defendants' motion to dismiss (Doc. #6) under Fed.R.Civ.P. 12(b)(6) filed November 23, 1999, is GRANTED; Plaintiff's complaint will be DISMISSED; and judgment will be entered in accordance with this opinion.

UNITED STATES DISTRICT JUDGE

2